**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>STEVEN ANTHONY BREITLING, )<br>an individual doing business as ICS )<br>Financial Group, ICS Financial Firm, )<br>ICS Financial Services, ICS (A )<br>Financial Co.), and Integrated Credit )<br>Services, )<br>  )<br>Defendant. ) | Case No. CIV-08-494-M |

**ORDER**

On May 30, 2008, defendant filed an Application for Temporary Restraining Order, and Alternatively, for Preliminary Injunctive Relief and Order Clarifying Preliminary Injunction. On June 2, 2008, plaintiff filed its response, and on June 3, 2008, plaintiff filed a Motion for Order to Return Frozen Funds. On June 3, 2008, the Court conducted a hearing on these matters. This Order memorializes the Court's rulings at the hearing.

I.  Background

On May 12, 2008, plaintiff filed the instant action against defendant. On that same date, this Court entered a Temporary Restraining Order with Asset Freeze and Other Equitable Relief ("TRO"), which froze all assets of defendant. Under the provisions of the TRO, defendant was required to complete a Financial Statement of Individual Defendant. Defendant provided said financial statement to plaintiff on May 16, 2008. As part of the financial statement, defendant listed that he had $1,500 in "Cash on Hand."

Prior to the scheduled hearing on plaintiff's motion for preliminary injunction, the parties entered into a Stipulated Preliminary Injunction, which was entered by the Court on May 21, 2008. During the negotiation of the Stipulated Preliminary Injunction, plaintiff agreed to release the $1,500 listed as cash on hand in defendant's financial statement. Accordingly, Section IV(F) of the Stipulated Preliminary Injunction provides:

> Defendant may have immediate access to and use the $1,500 in cash on hand frozen pursuant to this Paragraph to pay for necessary personal expenses. The assets to be used by Defendant to pay for immediate personal expenses shall be drawn only from the Cash on Hand disclosed by Defendant in Item 12 of his sworn Financial Statement of Individual Defendant.

To comply with the Stipulated Preliminary Injunction, defendant deposited the $1,500 in a new account opened with IBC Bank in Oklahoma City on May 21, 2008. The $1,500 was in the form of twenty $75.00 negotiable money orders from consumers[1] that defendant had not yet deposited in the bank. On May 28, 2008, plaintiff received a telephone call from a representative of IBC Bank informing plaintiff that defendant had opened an account using twenty money orders. The representative of the bank further informed plaintiff that the account was frozen, pursuant to the Stipulated Preliminary Injunction, by the bank on May 28, 2008. Additionally, a representative of IBC Bank later confirmed that between May 21, 2008 and May 28, 2008, over $525 was withdrawn by defendant and that the current balance of the account is approximately $975.

Through his application for a temporary restraining order, defendant seeks an immediate order decreeing and clarifying what the Stipulated Preliminary Injunction states – that the funds on deposit at IBC Bank are not subject to the asset freeze. Plaintiff contends that the account should

---

[1] The money orders were signed by and/or had the addresses of identifiable individuals.

remain frozen because defendant failed to disclose that the $1,500 "Cash on Hand" consisted of advance-fee money orders that were directly linked to identifiable consumers. Plaintiff also moves the Court to issue an order for defendant to return the funds that were withdrawn from the account before it was frozen.

II.     Discussion

As set forth above, plaintiff asserts that defendant failed to disclose the source of the $1,500 "Cash on Hand" and that if plaintiff were aware of the source of the money, it would not have agreed to release these funds for defendant's personal use. Defendant contends that he and his counsel clearly informed plaintiff that defendant's sole source of income was the money orders and cashier's checks received from consumers through his direct mail credit services organization activities and that he and his counsel made it clear to plaintiff that defendant obtains money from no other source. Defendant, accordingly, contends that plaintiff was on clear notice that the $1,500 "Cash on Hand" would have to have been funds obtained from consumers in the form of money orders and/or cashier's checks.

Having carefully reviewed the parties' submissions and having heard the arguments of counsel, the Court finds that while defendant, perhaps, could have been more explicit in his disclosure of the $1,500 "Cash on Hand" and the source of those funds, defendant did not actively seek to deceive plaintiff. The Court further finds that if the source of the funds were of the importance to plaintiff that it states it was, plaintiff should have inquired further of defendant and his counsel prior to agreeing to release said funds. Accordingly, in light of the above findings and the clear and explicit language of the Stipulated Preliminary Injunction, the Court finds that

defendant properly withdrew the $525 from the IBC Bank account prior to the account being frozen and that defendant should not be ordered to return said funds.

However, because the Court is now aware that the source of the remaining funds in the IBC Bank account is advance-fee money orders from identifiable consumers, the Court finds that the remaining funds should be frozen. If, at the conclusion of this case, it is found that defendant did commit the alleged violations of the Federal Trade Commission Act and the Telemarketing Rule, effective final relief likely will include restitution and/or disgorgement. Further, the amount of any such award likely will substantially exceed the sum of defendant's total assets. Accordingly, the Court finds that it is critical for the Court to carefully preserve all available assets until a full trial on the merits of this case. The Court, therefore, finds that an imposition of an asset freeze on the IBC Bank account is a proper exercise of the Court's inherent powers of equity and properly preserves the availability of funds for final disposition at trial.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Application for Temporary Restraining Order, and Alternatively, for Preliminary Injunctive Relief and Order Clarifying Preliminary Injunction [docket no. 20], DENIES plaintiff's Motion for Order to Return Frozen Funds [docket no. 26], and MODIFIES the Stipulated Preliminary Injunction [docket no. 18] as follows: Section IV(F) of the Stipulated Preliminary Injunction is hereby stricken.

**IT IS SO ORDERED this 11th day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE